IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTONIO L. FARROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 2:11cv666-CSC |
| ) | (WO) |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On December 13, 2013, plaintiff's counsel filed a motion for approval of attorney's fees pursuant to 42 U.S.C. § 406(b) seeking $11,000 in attorney's fees. (Doc. # 19). According to plaintiff's counsel, the Social Security Administration withheld $22,650.00 from the plaintiff's award of past due benefits for payment of attorney's fees which represents 25 percent of the past due benefits awarded. (Doc. # 19 at 2). Plaintiff's counsel requests $11,000.00 from the amount withheld because counsel was authorized $6,000.00 for work performed at the administrative level. The United States does not oppose the award of fees.

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., alleging that he was unable to work because of a disability. His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent

request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

On August 8, 2011, the plaintiff entered into a contingency fee agreement with counsel in which the plaintiff agreed to payment of attorney's fees in the amount of 25 percent of any past due benefits awarded to him. (Doc. # 19, Ex. 1). On August 17, 2011, the plaintiff sought review of the Commissioner's adverse decision pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3). (Compl., Doc. # 1). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties consented to entry of final judgment by the United States Magistrate Judge. On December 11, 2012, the court remanded this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docs. # 17 & 18).

On June 26, 2013, the plaintiff was awarded past due disability benefits. The Social Security Administration withheld $22,650.00 from his past due benefits for payment of attorney's fees.

Plaintiff's counsel petitioned and was awarded $6,000 in attorney's fees for work performed at the administrative level. *See* 42 U.S.C. § 406(a). At this juncture, Plaintiff's counsel seeks payment of fees from this court pursuant to 42 U.S.C. § 406(b) in the amount of $11,000. After deducting the amount of fees which the plaintiff's attorney received at the

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

administrative level, $16,650.00 remains for an award of fees.[2]

While the United States does not oppose the award of fees, the court must independently determine whether an award of attorney's fees in the amount of $11,000.00 is reasonable in this case. The plaintiff's counsel asserts that he expended 17.50 hours representing the plaintiff in this court. A fee of $11,000 equates to an hourly rate of $628.57 for work performed in this court.

In *Grisbrecht*, the Supreme Court examined the question of attorney's fees in conjunction with contingency fee agreements in Social Security disability cases. Specifically, the Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claims in court. Rather § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The contingency fee agreement in this case does not exceed the 25 percent ceiling established by § 406(b). However, it is not sufficient for the court to simply accept 25 percent of past due benefits as a reasonable attorney fee.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representation achieved.

*Id*. at 808.

"Within the 25 percent boundary . . . *the attorney for the successful claimant must*

---

[2] Plaintiff's counsel requests that the remaining $5,650.00 be refunded to the plaintiff.

*show that the fee sought is reasonable for the services rendered.*" *Id.*, at 807 (emphasis added).  The burden is on plaintiff's counsel to demonstrate the reasonableness of the requested fee. *Id*.  Counsel is seeking $11,000.00 in attorney's fees for 17.50 hours of work over a seventeen month period.  In *Gisbrecht*, the court noted that if the "benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." 536 U.S. at 808.  The plaintiff's counsel did not submit to the court his hourly rate for non-contingent fee work, nor did counsel refer this court to any previous awards of fees *to him* for similar work. Moreover, counsel has not argued, and the court does not find, that this case presented any greater risk of loss than the typical Social Security disability case. *See McGuire v. Sullivan*, 873 F.2d 974, 985 (7th Cir. 1989).[3]

The hourly rate of the award would equal $628.57.  While this hourly rate is surely not determinative of reasonableness, a comparison of this rate to what counsel would bill for non-contingent fee work or has previously been awarded would be a legitimate indicator of reasonableness.  However, the court has nothing before it demonstrating that the amount sought is *reasonable* as it relates to this counsel.

Of course, the court's judgment about reasonableness must itself be tempered by *Gisbrecht's* conclusion that Congress meant to "contain" and not "outlaw" lawful contingent fee agreements.  Justice Scalia's observation that the *Gisbrecht* opinion does not provide a framework for analysis underscores the difficulty in "making reasonableness determinations"

---

[3]Cited with approval in *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

under *Gisbrecht*. While the *Gisbrecht* court notes that district courts perform this function in a wide variety of contexts, the court does not give any context for making these decisions. In the instant case, counsel expended 17.50 hours for which he claims fees in the amount of $11,000.00. Although counsel is experienced in representing Social Security claimants, and he has represented Social Security claimants for over eight (8) years, there is the lack of evidence that this case was exceptional or that there was an increased possibility of loss. In short, counsel has not met his burden of giving the court a framework within which to make a reasonable determination. Consequently, the court concludes that counsel has failed to meet his burden of establishing that payment of 25% of the past due benefits would be reasonable under the circumstances of this case.

The court thus concludes that the contingent fee amount should be reduced by 50% resulting in an award of $5,500.00. Counsel will be awarded $5,500.00 which represents an hourly rate in the amount of $314.86 which the court concludes is a reasonable attorney fee in this case in light of the hours of work performed over the time period of counsel's involvement. The court reiterates that this reduction is due to counsel's failure to meet his burden of demonstrating the reasonableness of an award of 25% of the past due benefits.

Accordingly, it is

ORDERED and ADJUDGED that, pursuant to the 42 U.S.C. § 406(b),

1. The petition for attorney's fees be and is hereby GRANTED to the extent that counsel be and is hereby AWARDED $5,500.00 as a reasonable attorney's fee.

2.	The Commissioner shall pay to the plaintiff's attorney $5,500.00 of the amount previously withheld from the plaintiff's past due benefits; and

3.	The Commissioner shall pay to the plaintiff $11,150.00 of the amount previously withheld from his past due benefits.

Done this 31st day of January, 2014.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE